IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CONNIE COLEMAN and<br>SARA LYONS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No.  04-3084 |
| BUCHHEIT, INC., | )<br>) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs' Motion to Strike Certain Paragraphs of Defendant's Undisputed Material Facts Within Its Motion for Summary Judgment (d/e 100) (Motion to Strike Undisputed Facts); Defendant Buchheit, Inc.'s (Buchheit) Request for Oral Argument on Motions for Summary Judgment (d/e 89) (Request for Oral Argument); Plaintiffs' Motion for Leave to File Plaintiffs' Citation of Supplemental Authority in Connection With Their Response to Defendant's Motion for Summary Judgment (d/e 93) (Motion to File Supplemental Authority); Plaintiffs' Motion to Strike Portions of the Supplemental Affidavit of

1

George Cash and all of the Additional Material Facts Submitted With Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment (d/e 94) (Motion to Strike With Regard to Defendant's Reply); and Defendant's Motion for Leave to File Correction to Supplemental Affidavit of Reid Willen (d/e 98) (Motion to Supplement Willen Affidavit).[1]  For the reasons set forth below, Plaintiffs' Motion to Strike Undisputed Facts is allowed in part and denied in part; Defendant's Request for Oral Argument is denied; Plaintiffs' Motion to File Supplemental Authority is allowed; Plaintiffs' Motion to Strike With Regard to Defendant's Reply is allowed in part and denied in part; and Defendant's Motion to Supplement Reid Affidavit is allowed.

## ANALYSIS

A.  <u>PLAINTIFFS' MOTION TO STRIKE UNDISPUTED FACTS</u>

Plaintiffs move to strike 22 separate paragraphs of Buchheit's undisputed material facts, as set forth in its Motion for Summary Judgment (d/e 53), based on six different deficiencies.  The Court addresses each of

---

[1] When Plaintiffs filed their Motion to Strike Undisputed Facts, they erroneously filed it in the Court's electronic case filing system as a "Memorandum in Opposition to Defendant's Motion for Summary Judgment."  See d/e 73.  To correct Plaintiffs' error, this Court ordered the Clerk of the Court to re-docket Plaintiffs' Motion to Strike Undisputed Facts.  See August 22, 2005, Text Order.

these contentions in turn.

First, Plaintiffs argue that Buchheit's undisputed facts set forth in ¶¶ 1-7, and 76, must be stricken because they violate Central District of Illinois Local Rule (CDIL-LR) 7.1(D)(1)(b) by failing to cite to the documentary evidence supporting the alleged fact. The aforementioned paragraphs cross-reference other undisputed facts, which are supported as required by CDIL-LR 7.1(D)(1)(b). The Court can follow Buchheit's cross-referencing scheme. Therefore, ¶¶ 1-7, and 76, need not be stricken for this reason.

Second, Plaintiffs argue that ¶¶ 9-12, 16, and 125 must be stricken because they are also not supported by citation to documentary evidence, as required by CDIL-LR 7.1(D)(1)(b). Plaintiffs are correct that the aforementioned paragraphs lack any citation to documentary evidence. Paragraphs 9-12, however, follow and obviously stem from ¶ 8, which references Tegeder Deposition Exhibit 3(a). Further, Defendant's Response to Plaintiffs' Motion to Strike Certain Paragraphs of Defendant's Undisputed Material Facts Within Its Motion for Summary Judgment (d/e 85), provides the relevant evidentiary support for ¶¶ 16 and 125. Therefore, ¶¶ 9-12, 16, and 125 need not be stricken.

Third, Plaintiffs contend that ¶¶ 49, 76, 82, 96, 99, 122, 130, and

141 must be stricken because they contain multiple facts, thereby complicating Plaintiffs' process of responding to Buchheit's undisputed facts. Further, Plaintiffs argue that ¶¶ 49, 76, and 130 pit some facts against others in the same paragraph, also complicating the process of responding. It is apparent Defendant has included more than one fact in some paragraphs; in those paragraphs where the facts can be readily discerned, the Court will not strike the facts but will strike the commentary. The Court therefore reads the paragraphs as follows:

> ¶ 49: Johnston stuck the antenna of his hand radio up the buttocks and between the legs of both male and female employees.
>
> ¶ 76: The Company told Johnston not to let it happen again and that he was being taken down a notch.
>
> ¶ 82: Indecipherable -- paragraph 82 is struck.
>
> ¶ 96: Three statements of fact: (1) Williams told Cash Lyons may need help under the Employee Assistance program. (2) Cash offered the Employee Assistance program to Lyons but she declined it. (3) After Johnston was disciplined, Lyons apologized to Cash for not reporting the incidents with Johnston to him.
>
> ¶ 122: Three statements of fact:
> (1) In February 2002, Lyons went from full-time cashier to working part-time as low and out coordinator and part-time cashier and store work.

> (2) Shortly after February 2002, Lyons, at her request, was transferred to part-time receiving department and part-time low and out coordinator.
>
> (3) In October 2002, Lyons, at her request, was transferred to part-time cashier and part-time low and out coordinator.

¶ 130: After Buchheit disciplined Johnston, other employees gave her the "cold shoulder," turning their back on her or walking away from her or making comments.

¶ 141: When Coleman requested a reduced work schedule, she was allowed to work a four-day week (instead of 5 days) while retaining the status of a full-time employee.

The balance of paragraphs 49, 76, 82, 96, 99, 122, 130, and 141 are struck.

Next, Plaintiffs argue that ¶¶ 96 and 99 should be stricken because each "contains a reference to the memorandum to explain a fact, and the last sentence contains [an] immaterial fact that has no bearing on whether summary judgment should be granted." <u>Plaintiffs' Motion to Strike Undisputed Facts</u>, pgs. 11-12. Paragraph 96 contains three statements of fact, which should have been listed separately, but are otherwise clear. The Court does not strike ¶ 96. Paragraph 99 contains only one fact -- that members of management did not work full-time at the Jacksonville store, but they appeared at the store and were known to employees. The rest of ¶ 99 is stricken.

5

B.  DEFENDANT'S REQUEST FOR ORAL ARGUMENT

Buchheit has requested oral argument on the parties' cross-motions for summary judgment. Plaintiffs object to Buchheit's request by arguing that nothing new will be added to the already voluminous record before the Court. Based on its review of the pleadings, the Court is capable of ruling on the cross-motions for summary judgment without oral argument. Therefore, Buchheit's Request for Oral Argument is denied.

C.  PLAINTIFFS' MOTION TO FILE SUPPLEMENTAL AUTHORITY

Plaintiffs seek leave to file their citation to supplemental authority, which is unopposed by Buchheit. Therefore, the Court hereby allows Plaintiffs' Motion to File Supplemental Authority.

D.  PLAINTIFFS' MOTION TO STRIKE WITH REGARD TO DEFENDANT'S REPLY

Plaintiffs move to strike various aspects of Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment (d/e 92) (Defendant's Reply to Plaintiffs' Response). For the following reasons, Plaintiffs' Motion to Strike is allowed, in part, and denied, in part.

First, Plaintiffs argue that Buchheit is barred by Federal Rule of Civil Procedure 37(c)(1) from using information that it failed to produce in

discovery in its Reply to Plaintiffs' Response. Specifically, Plaintiffs take issue with Buchheit's submission of Plaintiff Coleman's time sheets, bates numbered 4597-4624, as Exhibit A to the Supplemental Affidavit of George Cash. In their Response to Defendant's Motion for Summary Judgment, Plaintiffs claim that Coleman's shift was changed to night shift, and that the change constituted a tangible employment action sufficient to defeat Defendant's Ellerth/Faragher affirmative defense. Plaintiffs' Response to Defendant's Motion for Summary Judgment, pg. 17.

    Plaintiffs contend that the time sheets should have been automatically produced to them pursuant to Rule 26(a) because they support Buchheit's Faragher/Ellerth affirmative defense. Fed. R. Civ. P. 26(a)(1)(b). Further, Plaintiffs' contend that Buchheit should have produced the time sheets in response to their first and second requests for production of documents. Motion to Strike With Regard to Defendant's Reply, Exh. 1, ¶¶ 2, 28; Exh. 2, ¶ 3. Plaintiffs claim prejudice from Buchheit's failure to disclose the time sheets because they were prevented from questioning witnesses about them, and from conducting follow-up discovery.

    Buchheit responds that its failure to produce Plaintiff Coleman's time sheets was both justified and harmless. As an initial matter, Buchheit argues

that it was not obligated to automatically produce Coleman's time sheets under Rule 26(a)(1)(B) because they are not used to support Buchheit's Faragher/Ellerth affirmative defense, but instead, are used to impeach Plaintiffs' claim that Coleman suffered a tangible employment action. Under Rule 26(a)(1)(B), there is no automatic obligation to produce information if it is "solely for impeachment." Id.

As defined by the Supreme Court, the Faragher/Ellerth ". . . defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998) (emphasis added). Rule 26(a)(1) mandates production of any evidence in support of those elements.

An employer may not assert the affirmative defense, however, if it has taken a tangible employment action against the employee. Id. Accordingly, the condition precedent–no tangible employment action–is not an element of the affirmative defense. Buchheit is correct that it used the time sheets only to impeach Plaintiff Coleman's claim that her alleged shift change

8

precludes Buchheit's Faragher/Ellerth affirmative defense. Accordingly, Buchheit was under no automatic obligation to produce the time sheets.

Further, while several of Plaintiffs' first and second requests for production were arguably broad enough to encompass a request for Coleman's time sheets, Buchheit objected to the requests.[2] Plaintiffs filed no timely motion to compel production subsequent to Buchheit's objections. Accordingly, Buchheit was under no obligation to produce the broad range of employment-related documents originally requested.

Buchheit also argues that it had no notice that Plaintiffs would claim that Plaintiff Coleman suffered retaliation in the form of a shift change. Buchheit notes that nowhere in Plaintiff Coleman's EEOC charge (see Complaint (d/e 1), Exh. A), Complaint, Amended Complaint (d/e 17), answers to interrogatories, and deposition testimony, did she argue that she

---

[2]Plaintiffs' first and second requests for production of documents included the following requests:
¶ 2: "All documents relating to [Coleman's] employment with Defendant."
¶ 28: "All documents which reflect, refer to or relate to each and every defense which Defendant has to this complaint."
¶ 3: "All documents and things which support Buchheit's Affirmative Defense that the behavior and conduct to which Plaintiffs complain did not involve any tangible employment action by a supervisor."

See Motion to Strike With Regard to Defendant's Reply, Exh. 1, Defendant's Objections to Connie Coleman's First Set of Production Requests Directed to Defendant, Buchheit, Inc., ¶¶ 2, 28; Exh. 2, Defendant's Responses to Connie Coleman's Second Set of Production Requests, ¶ 3.

9

had suffered a shift change in retaliation for her sexual harassment complaint against Johnston. Accordingly, Buchheit argues it was not on notice of the significance of the time sheet records to Plaintiffs.

Plaintiffs state that Plaintiffs' counsel's questioning of three Buchheit employees in the closing days of discovery (namely, Richard Williams, George Cash, and Mark Johnston), should have put Buchheit on notice that Coleman's alleged shift change was at issue. At the aforementioned depositions, however, Plaintiffs' counsel made no requests for additional paperwork regarding Plaintiff Coleman's schedule. <u>Defendant's Response to Plaintiffs' Motion to Strike Portions of the Supplemental Affidavit of George Cash and All of the Additional Material Facts Submitted With Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment (d/e 99)</u> (Defendant's Response to Motion to Strike), pg. 9. Therefore, Buchheit was under no obligation to produce Plaintiff Coleman's time sheets, bates numbered 4597-4624, and Buchheit's use of those records in its Reply to Plaintiffs' Response did not prejudice Plaintiffs. Further, the Court finds no reason to strike Buchheit's reference to the time sheets in its Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on pages 41 and 89 thereof, or Defendant's Response

to Plaintiffs' Motion for Partial Summary Judgment Proscribing Defendant's Assertion of the Faragher/Ellerth Affirmative Defense (d/e 87).[3]

Second, Plaintiffs move to strike ¶ 6 of the Supplemental Affidavit of George Cash. Plaintiffs suggest that ¶ 6 contradicts George Cash's prior deposition testimony. In his Supplemental Affidavit, Cash states:

> We did not have a typical night shift (i.e., late night shift or overnight shift) because the store closed at 8:00 p.m. and many employees worked part of each week until 8:00 p.m. so that we would have coverage during the hours that the store was open. Therefore, Connie Coleman's description that she worked nights is not accurate because we did not have a typical night shift.

Defendant's Reply to Plaintiffs' Response, Supplemental Affidavit of George Cash, ¶ 6. Further, in his deposition, Cash stated:

> Q.   Did [Coleman] ever work nights?
>
> A.   Everybody that work[ed] sales worked nights.
>
> Q.   So, she did work nights?
>
> A.   Why, sure. She's worked nights from the day we hired her.
>
> \* \* \*
>
> A.   . . . The supervisor makes out a schedule. They schedule them normally two nights a week. In fact, I talked to Mark [Johnston] about that. Some weeks he only had her

---

[3]The Court notes that those portions of Defendant's Additional Material Facts that discuss Plaintiff Coleman's time sheets, as set forth in Defendant's Reply to Plaintiffs' Response on pages 43-48, are stricken for other reasons explained, infra.

11

one night.

<u>Plaintiffs' Response to Defendant's Motion for Summary Judgment</u>, <u>Affidavit of George Cash</u>, pg. 47. The Cash Supplemental Affidavit contradicts his deposition testimony; ¶ 6 of the Supplemental Affidavit is struck.

Third, Plaintiffs move to strike Defendant's Additional Material Facts, ¶¶ 146-166, as set forth in Defendant's Reply to Plaintiffs' Response. Plaintiffs argue that CDIL-LR 7.1(D)(3) does not allow the movant to list additional material facts in its reply to the adverse parties' response. In its relevant part, the Local Rule states:

> Within fourteen (14) days after service of response, the movant may file a reply. The reply shall include the following subsections, appropriately titled:
>
> (a)   <u>Reply to Additional Material Facts</u>
>
> List by number the additional facts asserted in Section (b)(4) of the response. For each fact, state succinctly whether:
>
> (1)   it is conceded to be material and undisputed,
>
> (2)   it is material but disputed, in which case provide citations to evidentiary documentation, attached as exhibits and referenced by specific page, or
>
> (3)   immaterial, in which case explain the reason.

(b)　Argument

Succinctly and directly address any matters raised in the response with which the movant disagrees. <u>THE REPLY SHALL BE LIMITED TO NEW MATTERS RAISED IN THE RESPONSE AND SHALL NOT RESTATE ARGUMENTS ALREADY RAISED IN THE MOTION</u>.

<u>CDIL-LR</u> 7.1(D)(3) (emphasis in the original). The Local Rule does not provide for additional material facts in the movant's reply. Plaintiffs are correct that allowing such a submission would prohibit them from responding to Buchheit's additional material facts because the Local Rules do not provide for a surreply.

Therefore, Plaintiffs' Motion to Strike is allowed, in part, and denied, in part. It is allowed with respect to Buchheit's additional material facts, ¶¶ 146-166, which are hereby stricken from Defendant's Reply to Plaintiffs' Response; it is allowed with respect to ¶ 6 of Cash's Supplemental Affidavit, but it is denied with respect to Plaintiffs' motion to strike Coleman's time sheets, bates numbered 4597-4624.

E.  DEFENDANT'S MOTION TO SUPPLEMENT WILLEN AFFIDAVIT

Buchheit moves to correct an error in the Supplemental Affidavit of Reid Willen, submitted along with Defendant's Reply to Plaintiffs' Response.  Buchheit notes that Plaintiffs identified that the Supplemental Affidavit "incorrectly refers to an exhibit as having been identified in George Cash's *deposition,* when in fact was identified in Cash's Supplemental *Affidavit*."  Motion to Supplement Willen Affidavit, ¶ 1 (emphasis in the original).  Buchheit attests that the error was inadvertent, and moves to correct the Willen Supplemental Affidavit as stated above.  Therefore, the reasons stated above, Buchheit's Motion to Supplement Willen Affidavit is allowed.

## CONCLUSION

THEREFORE, for the reasons stated above, Plaintiffs' Motion to Strike Certain Paragraphs of Defendant's Undisputed Material Facts Within Its Motion for Summary Judgment (d/e 73) is ALLOWED in part and DENIED in part; Defendant Buchheit, Inc.'s Request for Oral Argument on Motions for Summary Judgment (d/e 89) is DENIED; Plaintiffs' Motion for Leave to File Plaintiffs' Citation of Supplemental Authority in Connection

With Their Response to Defendant's Motion for Summary Judgment (d/e 93) is ALLOWED; Plaintiffs' Motion to Strike Portions of the Supplemental Affidavit of George Cash and all of the Additional Material Facts Submitted With Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment (d/e 94) is ALLOWED in part, and DENIED in part.  It is allowed with respect to Buchheit's additional material facts, ¶¶ 146-166, which are hereby stricken from Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment and with respect to ¶ 6 of Cash's Supplemental Affidavit, but it is denied with respect to Plaintiffs' motion to strike Coleman's time sheets, bates numbered 4597-4624.  Further, the Court finds no reason to strike Buchheit's reference to the time sheets in its Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on pages 41 and 89 thereof, or Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment Proscribing Defendant's Assertion of the <u>Faragher/Ellerth</u> Affirmative Defense (d/e 87).  Defendant's Motion for Leave to File Correction to Supplemental Affidavit of Reid Willen (d/e 98) is ALLOWED.

IT IS THEREFORE SO ORDERED.

ENTER: September 1, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE