IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CONNIE COLEMAN and SARA LYONS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 04-3084 ) |
| BUCHHEIT, INC., | ) ) |
| Defendant. | ) |

# OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Connie Coleman and Sara Lyons' Motion to Reconsider Order on Summary Judgement (d/e 119) (Motion to Reconsider). Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). As explained below, Coleman and Lyons do not assert manifest errors of law or fact, and none of the additional materials submitted constitutes newly discovered evidence. The Motion to Reconsider is therefore DENIED.

Coleman and Lyons ask the Court to reconsider its September 1, 2005, Opinion as it relates to Counts III and IV of the retaliation claims in the Complaint. Opinion entered September 1, 2005 (d/e 103) (Opinion). The Court concluded that Coleman and Lyons did not suffer any adverse employment action from the July 2002 complaints and investigations. Therefore, the Court held that they did not establish a prima facie case of Title VII retaliation. Opinion at 26.

Plaintiffs rely on Washington v. Illinois Dept. of Revenue, which was decided on August 22, 2005 (before this Court's Opinion was issued on September 1, 2005), as a recent decision that changes the Seventh Circuit's standard on Title VII retaliation claims. Washington, 2005 WL 2000986 (7th Cir. 2005). This Court was aware of Washington at the time it entered the Opinion. The Court determined that the facts of the present case are distinguishable from the facts of Washington. Washington involved a woman who had a son with Down Syndrome. In order to care for her sick child, Washington worked from 7 a.m. to 3 p.m. rather than from 9 a.m. to 5 p.m. as was usual. Despite knowing Washington's vulnerability, Washington's supervisor demanded that she work from 9 a.m. to 5 p.m. When the plaintiff subsequently refused, her position was abolished, and

she was moved to a different position, with a different supervisor. Because of the move, Washington was required to reapply for her flex-schedule. The Seventh Circuit concluded that such actions by the supervisor constituted an adverse employment action because the supervisor retaliated against the plaintiff for filing discrimination claims "by exploiting this vulnerability..." Washington, 2005 WL at 4. Unlike Washington, there is no evidence in the present case of an "Evil" supervisor that "delights in pouncing on employees' idiosyncratic vulnerabilities." Id.

No evidence suggests that Coleman's retaliation claim fits the facts of Washington. Coleman did not present any evidence suggesting that she had a vulnerability that was peculiar to her circumstances. There is no evidence that Coleman's supervisor tried to intentionally exploit her known vulnerability by engaging in harmful acts. Moreover, Coleman's complaint regarding the snide comments, the heavy lifting problems, the cold shoulder treatment from male employees, and the failure to give her the raise that she was promised when she transferred to the Contract Sales Department, as alleged in Coleman's Complaint, do not amount to an adverse employment action. Indeed, Coleman failed to present evidence that clearly indicates that her supervisor consciously engaged in the above acts to exploit her

3

"idiosyncratic vulnerabilities."

Lyons' retaliation claim also does not fit the narrow facts of Washington. Unlike Coleman, Lyons does possess a vulnerability. She stated that, from August 2001 through January 2002, she sought treatment for depression related to Johnston's sexual harassment. Plaintiffs' Statement of Additional Facts Which Require the Denial of Defendant's Summary Judgement Motion Pursuant to Local Rule 7.1 (D)(2)(b)(4) (d/e 72), ¶ 496. She noted that she had been treated for depression from her sophomore year through her junior year of high school, although it had abated until Johnston's alleged sexual harassment began. Id. However, Lyons failed to provide evidence showing that her supervisor was aware of her vulnerability and that he intentionally engaged in harmful acts to exploit her weakness.

Coleman and Lyons also submit pages of "new" statements of fact. Most of these statements are not new, and none are based on newly discovered evidence. Furthermore, none show any reason to change the Court's decision.

THEREFORE, Plaintiffs Coleman and Lyons' Motion to Reconsider Order on Summary Judgement (d/e 119) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: September 16, 2005.

    FOR THE COURT:

                                     _____s/ Jeanne E. Scott_____
                                                  JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE